Swearingen's Lessee *v.* Hawkenberry.

---

SWEARINGEN'S LESSEE *v.* HAWKENBERRY.

Ejectment—preliminary evidence—lease—proof of assignment.

Where an item of evidence offered is dependent upon some other fact, that preliminary fact should be first proven.
Where the plaintiff in ejectment makes title as *assignee* of a lease, he must prove the execution of the lease and of the *assignment.*

EJECTMENT, to recover possession of 40 acres of land, part of

section 16, granted for the use of schools. The lessor of the plaintiff had surrendered the original lease, and taken from the auditor a certificate of purchase, claimed to be in accordance with the 6th section of the act for the sale of section 16, passed in January, 1827; 25 *O. L.* 59. He was not the original lessee.

*J. Collier*, for the plaintiff, offered the auditor's certificate of purchase.

*Goodenow*, for the defendant, objected that this was no evidence of title, and the auditor can only certify to his own acts.

BY THE COURT. It would be better to show the preliminary steps to the issuing this certificate, before it is offered. When evidence is dependent upon testimony of some other act, that act should be first shown.

*Collier* then produced the original lease, and having proved its execution, offered to read it.

*Goodenow* objected that the assignments must be proven also.

*BY THE COURT. If the paper offered is intended to per-[**112** fect the chain of title which precedes the auditor's sale, the lease may be evidence, but as the lessor of the plaintiff is only assignee of the lease, he must prove the assignment to himself as part of his title ; otherwise the assignment confers on him no authority to surrender. The auditor is only a ministerial officer. His acts rightfully done are binding: those he does without authority have no efficacy. You must prove the assignments, or you cannot get along.

The plaintiff not being able to prove all the assignments, a juror was withdrawn by consent, and the cause continued.